In the Matter of Camille HOPE, Standing Chapter 13 Trustee, on Behalf of Walter CLARK, Johnson Jeffcoat, Clarence Lucas, Paul Little, Ezell Hicks, Linda Allen, Augustine Quick, and Other Unknown Debtors, Plaintiff,

v.

Edward PEARSON a/k/a Ed Black and National Mortgage Protectors, Inc., Defendants.

Bankruptcy Nos. 82–50464, 82–50007, 82–50382, 82–50241, 82–50242, 82–50006 and 82–50381.
Adv. No. 83–5231.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

March 6, 1984.

**424**

Camille Hope, pro se.

Harold W. Spence, Atlanta, Ga., for defendants.

## ORDER ON MOTION FOR PROTECTIVE ORDER

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

Before the Court is the "Motion for Protective Order" filed by J. Edward Pearson, a/k/a Ed Black, and National Mortgage Protectors, Inc., Defendants, in which Defendants ask this Court to seal all papers filed in this adversary proceeding, and to seal the docket on this adversary proceeding. The motion requests the Court to authorize examination of the sealed records only upon leave of the Court.

Defendants' motion is brought pursuant to section 107 of the Bankruptcy Code, which provides:

(a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter con-

tained in a paper filed in a case under this title.

11 U.S.C.A. § 107 (West 1979).

The procedure for invoking the Court's powers under section 107 is provided for in R.Bankr.P. 9018, which provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

■ Defendants' motion is addressed to the sound judicial discretion of the Court. This fact probably explains why there is only one reported case under section 107,[1] which case is not applicable to the issue before this Court.

In considering Defendants' motion, it is helpful to consider Fed.R.Civ.P. 12(f), which permits a court to strike scandalous matter from a pleading. In its analysis of Rule 12(f), 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 827 (1969), notes:

The disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations. But there are several limitations on the court's willingness to strike scandalous allegations. For example, it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.

---

**1.** *Protective Comm. For 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 8 B.C.D. 961, 6 Collier Bankr.Cas.2d 4 (Bkrtcy. 9th Cir.1982).

As a result, courts have permitted allegations to remain in the pleadings when they supported and were relevant to a claim for punitive damages.

 Defendants content that Plaintiff's complaint contains scandalous and defamatory matters which allege that Defendants have committed criminal acts and acts involving moral turpitude. Defendants assert the contentions are groundless and have an adverse affect on Defendants' business activities.

The Court has reviewed Plaintiff's complaint and is unable to agree with Defendants. The complaint alleges certain facts which, if proven, may demonstrate that Defendants engaged in the practice of law. Since it is uncontested that Defendants are not licensed to practice law in the State of Georgia, the allegations of Plaintiff cannot harm Defendants. Since Defendants may not practice law, the Court is unable to see how these allegations would affect Defendants' business activities.

The complaint also alleges that Defendants may have received fraudulent transfers. This allegation is not sufficient for the Court to order the record sealed. Fraudulent transfer actions under section 548 of the Bankruptcy Code, 11 U.S.C.A. § 548 (West 1979), are common in bankruptcy practice, and to grant Defendants' motion because of this allegation could result in the sealing of pleadings in a number of adversary proceedings. Congress, in enacting section 107, did not contemplate such a result, and intended that the sealing of pleadings would be the exception rather than the rule. Defendants' showing to the Court is insufficient for the Court to grant the relief sought by Defendants.

Accordingly; it is

ORDERED that the Motion for Protective Order filed by J. Edward Pearson, a/k/a Ed Black, and National Mortgage Protectors, Inc., Defendants, is denied.