In the Matter of The COMMODORE CORPORATION, Commodore Home Systems, Inc., Debtors.

Bankruptcy No. 85–30568.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Feb. 27, 1987.

Thomas F. Lewis, Jr., John Van Laere, South Bend, Ind., Salvatore Barbatano, James Chatz, James H.M. Sprayregen, Lord, Bissell & Brook, Chicago, Ill., for debtors.

C. David Peebles, Fort Wayne, Ind., for objector.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

The matter comes before the court on (1) a Motion to Revoke Fee Orders of Lord, Bissell & Brook and (2) an Objection to a Stipulation, filed by Edgar F. Heizer; and a Motion to Strike pursuant to Bankruptcy Rule 9018 requested by Lord, Bissell & Brook. Hearing on the above matters was held on December 9, 1986, and they were taken under advisement on December 17, 1986. For the following reasons, the objection is overruled and the motions denied.

On May 5, 1986, the debtors' Reorganization Plan was confirmed.[1] Lord, Bissell & Brook ("LB & B"), court-approved counsel for debtors, submitted a "First Application for Interim Compensation and Reimbursement of Expenses" ("Application for Compensation") which this court allowed, with some modification, on August 5, 1986. On September 12, 1986, Edgar F. Heizer ("Heizer") filed a "Motion to Revoke All Fee Orders Allowing Fees to Lord, Bissell & Brook" alleging LB & B was not a disinterested person as defined by 11 U.S.C. § 101(13).

On June 13, 1986, LB & B and debtors filed a "Stipulation With Regard to First Application of Lord, Bissell & Brook for Interim Compensation & Reimbursement of Expenses" ("the Stipulation"). According

to the Stipulation, debtors agreed to pay LB & B $375,000 in fees and expenses for services rendered.[2] On August 26, 1986, Heizer filed an "Objection to the Stipulation" for among other reasons, that LB & B is not a disinterested person.

## DISCUSSION

*Motion to Revoke Fee Orders:*

█ A hearing was held on LB & B's First Application for Compensation, following which the exact amount of fees and expenses requested as well as the propriety of the charges were determined and subsequently allowed. Therefore, the court's order of August 5, 1986, allowing LB & B's First Application for Compensation was "final." *See Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) holding that an order is final when it ends the bankruptcy litigation on the merits. If Heizer disagreed with the court's finding, such order should have been appealed pursuant to 28 U.S.C. § 158 and the appeal taken within the ten-day period required by Bankruptcy Rule 8002. Heizer failed to timely appeal and may not now challenge the order allowing LB & B's First Application for Compensation under the guise of a Motion to Revoke.

█ Even if the court deems the Motion to Revoke as a Motion to Reconsider, such motion will still be denied.

Bankruptcy Rule 3008 states:

Reconsideration of Claims. A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

This rule makes clear that the bankruptcy court may generally reconsider its prior orders. See *Brielle Associates v. Graziano,* 685 F.2d 109, 111 (3d Cir.1982). As to allowance of claims, the court is specifical-

---

1. The modified plan was subsequently confirmed on June 16, 1986.

2. Attachments to the Stipulation include itemization for the time periods the services were rendered, the type of services rendered and the expenses incurred.

ly empowered to reconsider its prior orders. Such reconsideration must be for cause "according to the equities of the case." 11 U.S.C. § 502(j). This determination falls upon the equitable judgment of the court and is within the sound discretion of the court. *In re Flagstaff Foodservices Corporation,* 56 B.R. 910 (Bankr.S.D.N.Y. 1986). Heizer does not adduce any facts in his Motion to Revoke, or in the supporting brief which would place in issue the "not disinterested status," if any, of LB & B. Heizer asserts Great American Management & Investment, Inc., ("GAMI") "designed" the plan and thereby LB & B was not disinterested as Mr. Salvatore Barbatano of LB & B and LB & B were "a front for GAMI." [3] GAMI's participation and funding of debtors' plan is a fact made known to all parties through the disclosure statement. However, absent any other evidence, this participation by GAMI does not make LB & B "interested" Heizer has not shown nor does this court find that LB & B is in any way connected to GAMI thereby creating a possible conflict of interest as provided for in 11 U.S.C. § 328. *See In re Leisure Dynamics, Inc.,* 33 B.R. 121 (D.Minn.1983).

After carefully reviewing all the evidence and papers submitted, the court concludes there has been no showing LB & B is not disinterested as defined by 11 U.S.C. § 101(13) and § 328. Accordingly, the Motion to Revoke Fee Orders is denied.

*Objection to Stipulation:*

■ Heizer has objected to a Stipulation for Payment of Interim Compensation entered into between debtors and LB & B. This Stipulation has merely been filed but not submitted for the court's approval. Further, the amount stipulated to is subject to the court's determination and allowance of any subsequent application for compensation and expenses requested by LB & B, which determination will be made only after a notice and hearing. Therefore, as LB

& B correctly argues, the Objection is premature and is hereby overruled.

*Motion to Strike:*

At the hearing and in its pleadings, LB & B requested the court to strike certain portions of Heizer's brief which LB & B asserts is scandalous and defamatory. LB & B's request calls into question Bankruptcy Rule 9018 which states:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity with respect to a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

It also addresses the provisions of 11 U.S.C. § 107 which states in pertinent part:

> ... (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. 11 U.S.C.A. § 107 (West 1979)

■ Under these provisions, the court is specifically empowered to protect an entity from disclosure of scandalous or defam-

**3.** The other relevant allegations include: "Mr. Barbatano and his firm acted merely as a front for Mr. Gaynor and his clients GAMI and GACC"; "that Barbatano, being in bed with Gay- nor and GAMI is not disinterested is manifestly apparent"; "it is clear that debtor's lead counsel, Lord Bissell & Brook, were in GAMI's pocket all along."

atory material that arises during the course of a bankruptcy proceeding. In this case the allegedly scandalous and defamatory material consists of various statements made in Heizer's brief in support of his claim that LB & B is not a disinterested party.[4]

There are very few published opinions construing section 107[5] and of these only two address 107(b)(2): *Matter of Hope in behalf of Clark v. Pearson,* 38 B.R. 423 (Bankr.M.D.Ga.1984) denied a protective order requested by a defendant who feared that disclosure of the allegations in an adversary complaint would adversely affect its business activities; in *Matter of Sherman-Noves & Prairie Apartments Real Estate Investment Partnership,* 59 B.R. 905 (Bankr.N.D.Ill.1986) a motion to strike certain pleadings filed by debtor was denied because "the materials in question supported the decision to award attorney fees for pursuing a frivolous claim and because the allegations made by the debtor were so vague and grossly voluminous as to tax the credibility of anyone examining the files." *Id.* at 909.

In this case, the statements in question were made in support of Heizer's allegations that LB & B was not disinterested. Further, the court finds the allegations are "vague" and would "tax the credibility" of anyone examining the voluminous files in this case. *Id.* As no reasonable person could alter their opinion of LB & B on the basis of Heizer's allegations made in the context of which they appear, the court concludes no need for protection exists.

WHEREFORE, the Motion to Revoke Fee Orders is denied, the Objection to the Stipulation is overruled and no protective order to strike or expunge is required.

SO ORDERED.

4. *See, supra,* note 3.

5. A protective order was denied when it merely sought to facilitate the debtor's reorganization, *In re Itel Corporation,* 17 B.R. 942 (9th Cir.1982). Protection was granted pursuant to § 107(b)(1)

in *In re Bell & Beckwith,* 44 B.R. 661 (Bankr.N.D.Oh.1984), *In re Epic Associates, V,* 54 B.R. 445 (Bankr.E.D.Va.1985), an *In re Nunn,* 49 B.R. 963 (Bankr.E.D.Va.1985).