In re PHAR–MOR, INC., Debtor and Debtor–in–Possession.

PHAR–MOR, INC., et al., Plaintiffs,

v.

DEFENDANTS NAMED UNDER SEAL, Defendants.

Bankruptcy No. 92–41599.
Adv. No. 94–4074.

United States Bankruptcy Court,
N.D. Ohio.

Dec. 14, 1995.

Michael A. Gallo, Youngstown, OH, for debtor.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

The cause before the Court is Defendants' motion seeking an order making permanent a previous order of the Court sealing the complaint and certain other papers in this adversary proceeding. The Vindicator Printing Company, publisher of a newspaper of general circulation in this area, moved to intervene in the public interest to oppose the permanent sealing of the documents, which motion was sustained by order entered October 25, 1995. A hearing was then held on Defendants' motion and the Court has had an opportunity to consider the arguments of Defendants' counsel as well as of counsel for the Intervenor. Supplemental briefs were filed by both parties, as well as additional intervening parties who are defendants in other adversary proceedings in this case which are subject to a temporary sealing order and subject to similar motions to make the temporary orders permanent.

## STANDARD OF REVIEW

At issue in this proceeding is the application of 11 U.S.C. § 107 in which "Congress has promulgated an express statutory scheme addressing '[p]ublic access to papers' filed in bankruptcy cases." *In re Continental Airlines,* 150 B.R. 334, 337 (D.Del.1993). Section 107 provides in pertinent part:

**Public access to papers**

(a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

Section 107(b)(2) is of particular importance in this proceeding as the Court is asked to protect Defendants, natural persons, from what is claimed to be scandalous or defamatory matter contained in the complaint. Defendants contend that this protection is best achieved by permanently sealing the record.

## FACTS

This adversary proceeding arises out of the Chapter 11 reorganization involving Phar–Mor, Inc. ("Plaintiff"). Its former president, Michael I. Monus, was terminated prior to the Chapter 11 petition being filed, allegedly based on his inappropriate conduct with respect to the financial affairs of the Debtor during the time he served as president. Subsequent to the filing of the petition and to Mr. Monus filing his own personal Chapter 11 petition, Mr. Monus was indicted and eventually convicted and sentenced on 109 separate criminal counts involving his activities as president of the Debtor entities.

In support of the motion to permanently seal the record, Defendants' counsel argues that the complaint was filed by Phar–Mor, Inc. just prior to the statute of limitations running on the claims of Phar–Mor against Defendants and Mr. Monus. It is argued that Mr. Monus was at the time protected by the automatic stay of 11 U.S.C. § 362 and thus was not named as a party to the complaint. The moving Defendants, not subject to the automatic stay protection, were named in the complaint. The complaint made numerous allegations of wrongdoing by a business entity in which Mr. Monus was the general partner and the named Defendants were limited partners.

It is further argued that Mr. Monus was at all times, as general partner, fully in charge of business operations and that the allega-

tions of wrongdoing are actually directed only to the activities of Mr. Monus. As such, it is argued that none of the wrongful activities alleged in the complaint were carried out by any of the named Defendants. The circumstance of the filing of the complaint, given the running of the statute of limitations and the application of the automatic stay as to Mr. Monus, thus results in allegations of apparent wrongdoing as to the named Defendants, which allegations Defendants say are not truthful.

Moreover, Defendants' counsel asserts that the unsealing of the record would make public a document which includes untrue allegations by Phar–Mor against the named Defendants. Intervenor points out that Defendants have never filed an answer denying the allegations or setting forth their defenses nor have they sought to have the Court consider whether Rule 11 or other sanctions are appropriate. The Court is advised that the controversy involved in this adversary proceeding has been settled between Phar–Mor, the named Defendants and the Chapter 7 Trustee for the now-converted Monus case. Phar–Mor has not moved to withdraw the pleading.

The gravamen of Defendants' argument is that the complaint contains scandalous or defamatory allegations as respects Defendants. Pursuant to 11 U.S.C. § 107(b)(2), Defendants, as parties in interest, have made a motion which triggers a mandatory requirement that the bankruptcy court protect them with respect to that scandalous or defamatory matter. They argue that their sole means of protection is by way of sealing the record.

Intervenor argues that § 107(b)(2) is constitutionally defective in light of applicable provisions of the First Amendment to the Constitution of the United States. There is, Intervenor argues, a presumption in § 107(a) in favor of public access to all court records. Under these circumstances, Intervenor argues that courts of the United States are obliged to use the least restrictive method available to protect Defendants' rights. Further, Intervenor argues that Defendants have not filed an answer denying the allegations and suggests that granting leave to file an answer or other response would constitute the "least restrictive method" which Intervenor argues in favor of. However, no answer was filed because, on Plaintiff's motion, the case was stayed from further action pending completion of settlement negotiations.

A plain reading of § 107 shows that Congress indeed promulgated an express statutory scheme addressing public access to papers in bankruptcy cases in enacting § 107(a). Section 107(b) contains exceptions to the public access contemplated in § 107(a). Thus, we first inquire whether the documents sought to be sealed contain information which can be said to be within the § 107(b) exceptions. If the § 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor public access. However, if the § 107(b) exceptions are applicable, the inquiry must shift to whether Defendants have shown cause to invoke an exception, given the totality of the circumstances here found.

## DISCUSSION

The authority to protect persons from scandalous or defamatory material has been entrusted to the courts for well over a century. In fact, this notion was first introduced as Rule 26 of the Rules of Practice for the Courts of Equity of the United States, adopted by the United States Supreme Court during the January Term of 1842. See 210 U.S. app. at 508 n. 1, 516–17 (1906). The substance of Equity Rule 26 directed a judge to order the expungement of any scandalous or impertinent material contained in a bill filed with the court. See 210 U.S. app. at 516–17. This directive was carried forward in the Equity Rules of 1912 as Equity Rule 21 and then implemented as Rule 12(f) of the Federal Rules of Civil Procedure. See 226 U.S. app. at 649, 654 (1912); FED.R.CIV.P. 12(f) advisory committee's note. Although 11 U.S.C. § 107 does not specifically direct the Bankruptcy Court to expunge or strike scandalous or defamatory material from the record, the premise underlying § 107 is similar, if not identical, to that underlying Equity Rules 26 and 21 and Rule 12(f) of the Federal Rules of Civil Procedure. A person within the courts' jurisdiction should not be subject-

ed to scandalous or defamatory material submitted under the guise of a properly pleaded court document.

Considering that the authority granted the court by 11 U.S.C. § 107 is rooted in Equity Rule 26 which dates back to 1842, the Court does not find Intervenor's First Amendment challenge well taken. Certainly the courts' authority to protect persons from scandalous and defamatory material would not have survived well over a century if such authority was in direct conflict with the First Amendment as is suggested by Intervenor.

Furthermore, although the courts of the United States recognize a common-law right of access to judicial records and documents, this right is not absolute. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597–98 n. 8, 98 S.Ct. 1306, 1312 n. 8, 55 L.Ed.2d 570 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Examples of a court limiting access include where records contain confidential business information or could be used to promote public scandal; indeed, "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Id.* Congress has also enacted statutory limitations on the privilege of inspection. *See, e.g.,* FED.R.CIV.P. 26(c) (authorizing protective orders to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" in the discovery context); *In re Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470, 477–78 (6th Cir.1983) (discussing various statutes recognizing the confidentiality of certain financial records).

Section 107 codified the Supreme Court's *Nixon* decision in the bankruptcy setting by recognizing the common-law right of public access, subject to the limited exceptions of confidential commercial information and scandalous or defamatory material. *In re Nunn*, 49 B.R. 963, 964 (Bankr.E.D.Va. 1985). Because Congress enacted an express statutory scheme, issues concerning public disclosure of documents in bankruptcy cases should be resolved under § 107. *In re Continental Airlines*, 150 B.R. 334 (D.Del.1993).

Section 107(b) is a special, congressionally-created rule which authorizes and, in some instances, *requires* a court to provide protection to a limited class upon request. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir.1994).

In other areas of the law, courts have relied on showings of "compelling reasons," or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. *Knoxville*, 723 F.2d at 474, 476. The mandatory language of § 107(b) negates the need for such inquiries. *Orion*, 21 F.3d at 28. "Thus, if the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27. The discretion lies not in whether a court may protect an interested party, but in whether the matters complained of fall within the exception and in what type of protective remedy is necessary under the facts of each case.

Under § 107(b)(2), "[a] court is specifically empowered to protect an entity from disclosure of scandalous or defamatory material that arises during the course of a bankruptcy proceeding." *In re Commodore Corp.*, 70 B.R. 543, 545–46 (Bankr.N.D.Ind. 1987). Defendants must show that they are an interested party, a fact Intervenor does not contest and which the Court finds to be applicable. Defendants must then show that the allegations contained in the sealed complaint are either scandalous or defamatory as to them. In analyzing the complaint, the Court must decide whether a reasonable person could alter their opinion of Defendants based on the statements therein, taking those statements in the context in which they appear. *Id.* at 546; *In re Sherman–Noyes & Prairie Apartments Real Estate Inv. Partnership*, 59 B.R. 905, 909 (Bankr.N.D.Ill. 1986).

Upon review, the Court concludes that the statements contained in the complaint do constitute scandalous or defamatory matters as to Defendants under the above-referenced standard. The complaint was filed for several strategic reasons which would not be ap-

parent, on its face, to a reasonable lay person: a need to preserve some cause of action or be barred by a statute of limitations, a desire to promote settlement which led to a stay of all further action immediately upon filing and the inability to prosecute the real party in interest, Mr. Monus, due to the protection of the automatic stay in his Chapter 11 case. The Defendants each have a positive reputation in the local business community. The Court concludes that a reasonable person would alter their opinion of Defendants based on a reading of the complaint, because it contains allegations of wrongdoing against the Defendants for, in essence, the acts of Mr. Monus, without an explanation of the underlying rationale for filing the complaint in this fashion.

■ Having found that the Defendants are entitled to protection pursuant to § 107(b)(2), the Court must now determine what degree of protection is necessary. Intervenor has argued that the least restrictive method must be used. Unfortunately, Intervenor's action subsequent to the hearing on this motion undermines its argument. On Friday, October 27, 1995, Intervenor published the name of each Defendant in an article reporting on the previous day's hearing. This forecloses to the Court a remedy such as releasing the complaint in redacted form, which was a method approved by the Sixth Circuit as appropriately serving the competing public disclosure and privacy interests, in *Krause v. Rhodes*, 671 F.2d 212 (6th Cir. 1982), *cert. denied sub nom. Attorney Gen. v. Krause*, 459 U.S. 823, 103 S.Ct. 54, 74 L.Ed.2d 59 (1982).

In light of the circumstances noted herein, the Court has balanced the equities of the case at bar and finds that the most appropriate remedy is one that provides a means of protection for Defendants short of permanently sealing the record. Accordingly, the Court grants Plaintiff leave for a period of thirty (30) days to withdraw the complaint filed in this adversary proceeding. Upon Plaintiff withdrawing the complaint, the Court will close the adversary proceeding as having been settled and dismissed. If Plaintiff does not withdraw the complaint within the time provided, the Court will consider entering a further appropriate order.

**IT IS SO ORDERED.**