**In re Marcia Lynn CARTER, Debtor.**

**Marcia Lynn Carter, Plaintiff,**

**v.**

**Flagler Hospital, Inc., Defendant.**

Bankruptcy No. 08–3458.
Adversary No. 08–194.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 6, 2009.

---

Albert H. Mickler, Bryan K. Mickler, Jacksonville, FL, for Debtor and Plaintiff.

Meghan R. Applegate, Smith Hulsey & Busey, Jacksonville, FL, for Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS TWO THROUGH FIVE FOR FAILURE TO STATE A CLAIM FOR RELIEF AND GRANTING DEFENDANT'S MOTION TO STRIKE ATTORNEYS' FEES**

PAUL M. GLENN, Chief Judge.

This Proceeding is before the Court to consider the Defendant's Motion to Dismiss Counts Two through Five of Complaint and Strike Claim for Attorneys' Fees.

Marcia Lynn Carter (the Plaintiff) commenced this adversary proceeding by filing a five count complaint against Flagler Hospital, Inc. (the Defendant). The Plaintiff alleges that the Defendant included certain personal information in a proof of claim filed in this case, and brings this action "for disallowance of claim, injunctive relief and contempt of court pursuant to 11 U.S.C. § 105, and to recover actual, punitive and compensatory damages, sanctions, attorney fees and costs for the Defendant's willful and negligent actions that constitute

invasion of the plaintiff's privacy...." (Complaint, p. 1).

The Motion to Dismiss does not pertain to Count One of the Complaint, an action for disallowance of the claim, and the Plaintiff has withdrawn Count Two. At issue are Counts Three through Five of the Complaint. Count Three is an action for contempt of court and violation of court orders; Count Four is an action for contempt of court and violation of Federal Rule of Bankruptcy Procedure 9037; and Count Five is an action for invasion of privacy. In support of these causes of action, the Plaintiff maintains that the Court has the authority to protect a debtor and may do so by issuing sanctions and awarding damages pursuant to 11 U.S.C. § 105.

In its Motion to Dismiss, the Defendant contends that Count Three should be dismissed because 11 U.S.C. § 105(a) does not provide a private right of action, and also because the court orders referenced by the Plaintiff are not applicable. The Defendant contends that Count Four should be dismissed because 11 U.S.C. § 105(a) does not provide a private right of action, and also because any violation of Rule 9037 that occurred was remedied when Plaintiff's personal information was redacted from the proof of claim. The Defendant contends that Count Five should be dismissed because neither 11 U.S.C. § 105(a) nor 11 U.S.C. § 107(c) provides the Plaintiff with a private right of action, and further contends that although 11 U.S.C. § 107(b)(2) provides a private right of action, the Plaintiff's allegations are not sufficient to state a cause of action under either § 107(b)(2) or Florida law.

## Background

On June 17, 2008, the Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Defendant subsequently filed an unsecured claim in the Plaintiff's case in the amount of $280.51. Attachments to the Defendant's claim displayed the Plaintiffs social security number, date of birth, account number, telephone numbers, and medical information. The Plaintiffs complaint alleges that the Plaintiff has suffered actual damages, and at the hearing Plaintiff's counsel referred to damages that the Plaintiff may encounter, such as having to obtain credit monitoring in the future due to the release of her information. (Tr. p. 8).

## Discussion

The Motion to Dismiss is brought pursuant to Rule 12(b)(6), Fed.R.Civ.P., incorporated into this proceeding by Rule 7012, Fed. R. Bank. P., which provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) should not be taken lightly, since granting a motion to dismiss for failure to state a claim effectively terminates a plaintiffs case on its merits. (*See Chatham Condo. Ass'ns v. Century Village, Inc.,* 597 F.2d 1002, 1011–12 (5th Cir.1979)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977))). The applicable standard, as set forth by the United States Supreme Court, is that the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Further, while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do so." *Id.* at 1964–65, 127 S.Ct. 1955.[1]

## A. 11 U.S.C. § 105

The Plaintiff seeks to have the Court sanction the Defendant and award damages pursuant to its powers under 11 U.S.C. § 105(a). Section 105(a) provides as follows:

**11 U.S.C. § 105. Power of Court**

(a) The court may issue any order, process, or judgment that is necessary or appropriate *to carry out the provisions of this title.* No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). (Emphasis supplied).

■■■ Courts have consistently held that § 105 does not itself create a private right of action. Although courts recognize that § 105 vests bankruptcy courts with statutory contempt powers, it "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law. . . ." *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986)(citing *Southern Ry. Co. v. Johnson Bronze Co.,* 758 F.2d 137, 141 (3d Cir.1985)). Specifically, the Sixth Circuit Court of Appeals has stated that "[w]e do not read § 105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them." *Pertuso v. Ford Motor Credit Company,* 233 F.3d 417, 423 (6th Cir.2000)(citing *Kelvin,* 1995 WL 734481, *4 (6th Cir. Dec. 11, 1995)), *see also Walls v. Wells Fargo Bank, N.A.,* 255 B.R. 38, 45 (E.D.Cal.2000)("As the Supreme Court has repeatedly emphasized, the 'fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.' "). Thus, it is only appropriate for a court to use § 105(a)'s equitable powers "in furtherance of the goals of the [Bankruptcy] Code." *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.),* 934 F.2d 723, 725 (6th Cir.1991).

## B. Count Three: Contempt of Court and Violation of Court Orders

The Plaintiff alleges that the Defendant should be held in contempt of court for violating Court Orders and policies. Plaintiff refers specifically to Jacksonville Misc. Order 2006–1 [Admin. Order—JAX—2006–1] and Districtwide Misc. Order 2005–8 [Admin. Order—FLMB—2005–8] and the "policy that certain personal identifiers must be at least partially redacted from the case file or pleading when filed

1. The Court does not apply the "no set of facts" standard that originated from the Supreme Court's decision in the case of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court determined that "a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic,* 127 S.Ct. at 1964–65. As the Supreme Court stated in the *Bell Atlantic* decision, ". . . after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic,* 127 S.Ct. at 1969.

with the court." (Complaint, ¶ 33). The Plaintiff asserts that under § 107(c) the Court has the authority to protect an individual, and that pursuant to § 105(a) the Court may issue sanctions and award damages for contempt. The Defendant asserts that, in addition to the fact that neither § 105(a) nor § 107(c) provides the Plaintiff with a private right of action, the Defendant did not commit a violation of the designated Court Orders.

■ Jacksonville Administrative Order—JAX—2006–1, entitled "Order on Filing Payment Advices to 11 U.S.C. § 521(a)(1)(B)(iv)," provides that payment advices shall not be filed with the court, but shall be provided to the trustee and any creditor that timely requests copies. This Order deals with the requirement of 11 U.S.C. § 521(a)(1)(B)(iv) that, unless the court orders otherwise, debtors in bankruptcy cases file with the court copies of all payment advices or other evidence of payment for a period of time preceding the bankruptcy case. The Order provides that such payment advices shall not be filed with the court but shall be provided to the trustee. It does not address the filing of a proof of claim. The Order is not applicable to the facts alleged by the Plaintiff, and no violation of the Order has occurred under the facts alleged by the Plaintiff.

District-wide Administrative Order—FLMB—2005–8, entitled "Order Adopting Interim Bankruptcy Rules," entered in 2005, provides that certain attached interim bankruptcy rules are adopted and shall remain in effect until further order of the court. The Plaintiff argues that Rule 9037, which addresses privacy protections, was incorporated in this District-wide Administrative Order. The Defendant points out that Rule 9037 was not adopted as an interim rule in 2005 by this Court. The Defendant is correct. Rule 9037 was not an interim rule adopted by the Court in District-wide Administrative Order—FLMB—2005–8.[2]

Since no violation of the specified Court Orders occurred, the Court finds it appropriate to dismiss Count III of the Complaint.

## C. Count Four: Violation of Fed. R. Bankr.P. 9037

■ The Plaintiff also asserts that the Defendant should be held in contempt of court for violating Federal Rule of Bankruptcy Procedure 9037, and that § 105 provides the Court with "the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process." (Complaint, ¶ 40). The Defendant again maintains that § 105 does not create a private cause of action. The Defendant further asserts that it has already provided the relief specified by Rule 9037, since on August 6, 2008 it filed a motion for redaction of the claim, on August 7, 2008 the Court entered an order granting the motion and ordering the clerk to redact the pages of the claim containing the personal information, and the pages of the claim containing the personal information have been redacted.

Rule 9037 became effective December 1, 2007, and provides in relevant part:

**Rule 9037. Privacy Protection for Filings Made with the Court**

(a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an

---

**2.** Rule 9037 was not one of the Interim Bankruptcy Rules approved for adoption and recommended to the United States Bankruptcy Courts by the Committee of Rules of Practice and Procedure of the Judicial Conference of the United States in 2005.

individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

. . .

(d) PROTECTIVE ORDERS. For cause, the court may by order in a case under the Code:

(1) require redaction of additional information; or

(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court. . . .

. . .

The Advisory Committee Note to Rule 9037 provides in relevant part:

The rule is adopted in compliance with section 205(c)(3) of the E–Government Act of 2002, Public Law No. 107–347. Section 205(c)(3) requires the Supreme Court to prescribe rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability ... of documents filed electronically."

. . .

Subdivision (d) recognizes the court's inherent authority to issue a protective order to prevent remote access to private or sensitive information and to require redaction of material in addition to that which would be redacted under subdivision (a) of the rule. These orders may be issued whenever necessary ei-ther by the court on its own motion, or on motion of a party in interest. . . .

[5] Pursuant to subdivision (d), the relief provided in Rule 9037 is in the form of either redacting the debtor's personal information or limiting electronic access to the document at issue. *See French v. American General Financial Services (In re French)*, 401 B.R. 295, 307–08 (Bankr. E.D.Tenn.2009)("Rule 9037 offers a remedy in the form of requesting a court order requiring redaction of the offending information or limiting or prohibiting remote electronic access to documents by nonparties."). There is nothing contained in either the rule itself or the advisory committee's notes that indicates an award of sanctions or damages would be an appropriate remedy. *See Id.* ("Rule 9037 does not, on the other hand, provide a private right of action for the relief sought by the Plaintiff to cancel the debt owed to the Defendant and/or assess sanctions against the Defendant for attaching documentation to the Proof of Claim containing the Plaintiff's full social security number and birth date."). Further, in this case the Defendant has already provided a form of relief specified by Rule 9037 by having the Plaintiff's personal information redacted from its proof of claim. *See Id.* ("the remedy envisioned by Rule 9037 has already been afforded to the Plaintiff in that the offending documentation attached to the Proof of Claim was removed from the court's ECF and Pacer systems."). Accordingly, any Rule 9037 violation that occurred in this case was remedied when the Defendant accomplished the redaction of the Plaintiffs personal information from the proof of claim.

[6–8] Regarding the Plaintiff's allegation that the Defendant should be held in contempt, the Court recognizes that pursuant to § 105(a) it is authorized to enforce court orders and rules, such as Rule 9037.

As one bankruptcy court recently opined, "this court has broad powers to craft orders under § 105 that will carry out the provisions of the Bankruptcy Code. Sanctions would be appropriate where it was shown that a creditor flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently." *Newton v. ACC of Enter., Inc. (In re Newton)*, 2009 WL 277437, at *5 (Bankr. M.D.Ala. Jan. 29, 2009). Accordingly, if there is a flagrant violation of court orders or rules, or if there is a violation that a creditor fails to remedy within a reasonable time of learning of such violation, it may be appropriate as well as necessary for a court to be able to determine an appropriate remedy. In this case, however, there is no allegation of a flagrant violation or a failure to remedy within a reasonable time of learning of a violation.

Further, as the court in *French* pointed out, "contempt proceedings are contested matters initiated through the filing of a motion pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure, which states that Rule 9014 governs a motion for an order of contempt." *French*, 401 B.R. at 314–15.

Accordingly, the Court should dismiss Count Four.

### D. Count Five: Invasion of Privacy

The final count of the Plaintiff's complaint is that the Defendant invaded her privacy when it released her personal information without her consent. In support of this cause of action, the Plaintiff argues that the Court has the power under 11 U.S.C. §§ 107(b)(2) and 107(c), and also under Florida law, to hold the Defendant liable. The Defendant maintains that § 107(b)(2) is not applicable and that § 107(c) does not provide Plaintiff with a private cause of action. Additionally, the Defendant maintains that the Plaintiff has not sufficiently pled the required elements of a cause of action under Florida law for invasion of privacy.

### I. 11 U.S.C. § 107(b)(2)

Section 107(a) of the Bankruptcy Code provides that papers filed in bankruptcy cases are public records and open to examination at reasonable times. Although courts recognize the right to access judicial records and documents, that right is not absolute. *Nixon v. Warner Comm.*, 435 U.S. 589, 597–98 n. 8, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). In *Nixon*, the Supreme Court recognized that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Enacted by Congress in 1978, 11 U.S.C. § 107 codified the Supreme Court's decision in *Nixon* by recognizing individuals' rights to public access of court records, subject to certain limited exceptions. Specifically, the exceptions provided for in § 107(b) deal with trade secrets or confidential research, development, or commercial information, or scandalous or defamatory matter. 11 U.S.C. § 107(b), which provides for a private cause of action, states:

**11 U.S.C. § 107. Public access to papers**

. . .

(b) *On request of a party in interest,* the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

. . .

11 U.S.C. § 107(b)(2). (Emphasis supplied.)

■ In analyzing a cause of action under 11 U.S.C. § 107(b)(2), courts have held that a decision should be based on "whether a reasonable person could alter their opinion of a Defendant based upon the statements therein, taking those statements in the context in which they appear." *In re Phar–Mor, Inc.*, 191 B.R. 675, 679 (Bankr.N.D.Ohio 1995); *see also In re Commodore Corp.*, 70 B.R. 543, 546 (Bankr.N.D.Ind.1987); *In re Sherman–Noyes & Prairie Apartments Real Estate Inv. Partnership*, 59 B.R. 905, 909 (Bankr. N.D.Ill.1986). Further, "injury or potential injury to reputation is not enough to deny public access to court documents." *Neal v. Kansas City Star*, 461 F.3d 1048, 1054 (8th Cir.2006); *see also Gitto v. Worcester Telegram & Gazette Corp.*, 422 F.3d 1, 13 (1st Cir.2005)(stating that "[p]apers filed in the bankruptcy court do not fall within the § 707(b)(2) exception merely because they would have a detrimental impact on an interested party's reputation."). It has also been held that "mere embarrassment or harm caused to the party is insufficient to grant protection under § 107(b)(2)." *In re Food Management Group, LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y.2007). In *Gitto*, the First Circuit held that material that would cause a reasonable person to alter his opinion of an interested party triggers the protections of § 107(b)(2) on a showing that either the material is untrue, or if the material is potentially untrue, the information is either irrelevant or included within the filing for an improper end. *Gitto*, 422 F.3d at 14. Additionally, the Eighth Circuit has

stated that it will evaluate a filer's purpose, when it looks at the context of a filing and "not what a third party's purpose will be in gaining access to that filing." *Neal*, 461 F.3d at 1054.

The Plaintiff alleges that the release of her personal information is scandalous or defamatory as referenced in § 107(b)(2). However, the Plaintiff does not allege that the information contained within the proof of claim would cause a reasonable person to alter their opinion of Plaintiff. Additionally, there is no allegation that the material contained within the proof of claim is untrue or even potentially untrue. Finally, the Court notes that the Defendant has already taken the necessary steps to have the information redacted. Accordingly, the Complaint is not sufficient to allege a cause of action under § 107(b)(2).

**II. 11 U.S.C. § 107(c)**

11 U.S.C. § 107(c) was added by the Bankruptcy Abuse and Consumer Protection Act of 2005, and provides protection for information that might make an individual vulnerable to identity theft. Specifically, § 107(c)(1) provides:

**11 U.S.C. § 107. Public access to papers**

. . .

(c)(1) *The bankruptcy court, for cause,* may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

. . .

11 U.S.C. § 107(c)(*l*). (Emphasis supplied.)

Unlike § 107(b) that states "on request of a party in interest," § 107(c) provides that "[t]he bankruptcy court, for cause, may protect an individual." Based on the language of § 107(c), the Defendant disputes the Plaintiffs assertion that § 107(c) provides a private right of action. In making a determination as to whether a private cause of action exists, the United States Supreme Court has held that the "central inquiry" is "whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). The Supreme Court has also warned that for courts to imply a private right of action "is a hazardous enterprise, at best." *Id.* at 571, 99 S.Ct. 2479.

In support of her position, the Plaintiff cites an unpublished decision from a bankruptcy court in South Carolina, *Fowler v. First Federal Savings and Loan Ass.*, Ch. 13 Case No. 05–10053, Adv. No. 08–80037 (Bankr.D.S.C. Aug. 5, 2008). In *Fowler* the court denied a defendant's motion to dismiss in a proceeding that dealt with essentially the same issue pending before this Court. However, the court did not reach the issue of whether § 107(c) provides a private right of action. Instead, the court denied the motion to dismiss on the basis that it could not anticipate the appropriate remedy for the violation because it currently did not have the developed facts of the case before it. The court in *Fowler* did, however, recognize that in many cases a non-monetary order would suffice. Although this Court agrees with the *Fowler* court's observation that non-monetary orders in similar situations are typically sufficient, this Court will proceed with an analysis under § 107(c).

In response to the Plaintiff's argument, the Defendant asserts that if Congress meant to create a private right of action through § 107(c), it would have utilized the same language found in § 107(b) that explicitly gives an interested party a private cause of action. The Court agrees with the Defendant. In lieu of utilizing the "upon request of a party in interest" phrase of § 107(b), Congress instead chose to implement language that provides a basis for bankruptcy courts to provide protections with respect to certain types of information. The Court also notes that other courts which have addressed this issue have found that § 107(c) does not create a private right of action. *See French*, 401 B.R. at 305–06 ("the court does not believe that § 107(c) was enacted for the special benefit of any specific class of persons. Rather, the purpose of § 107(c) as a whole is to ensure that papers filed in a bankruptcy case are public records, and the purpose of § 107(c), specifically, is to set forth a limited exception to the general rule that all records are public, allowing a court to limit public access of certain identification information if it determines that cause exists and dissemination of the information would constitute an undue risk of identity theft."); *Southhall*, 2008 WL 5330001, at *2 ("Section 107 does not give rise to a private cause of action; rather it grants power to the Court to restrict the filing of certain information, for cause."); *see also Newton*, 2009 WL 277437, at *2 ("[B]eyond lack of any express language creating a private cause of action, § 107 does not regulate the behavior of parties, but rather addresses the operation of the court.").

If Congress meant to create a private right of action through § 107(c), it would have included the same or similar language that it included in § 107(b), which specifically provides for a private right of

action. To hold otherwise would seem contrary to Congress' intent. *See U.S. v. White*, 466 F.3d 1241, 1247 (11th Cir.2006); *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (citing *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (C.A.5 1972))("[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Further, as the court in *French* stated:

> "legislative history evidences that Congress did not intend for § 107(c) to create a private right of action or to be a remedial statute in any way. Instead, it expressly discusses the duty of the court to restrict public access to the extent *the court* finds that disclosure of information creates an undue risk, and as such, reinforces that the sole purpose § 107(c) was to establish public access to court documentation with very limited exceptions and not to create a private right of action for the Plaintiff to seek damages for the filing of private personal information." [3]

*French*, 401 B.R. at 306–07.

■ Neither the language of the statute nor the legislative intent supports a conclusion that § 107(c) provides a private right of action.

## III. Invasion of privacy under Florida law

■ Florida recognizes the tort of invasion of privacy by public disclosure of private facts. *Cape Publications, Inc. v. Hitchner*, 549 So.2d 1374, 1377 (Fla.1989). As set forth in *Hitchner*:

> The *Restatement (Second) of Torts* defines the tort of invasion of privacy by public disclosure of private facts (private-facts tort) as follows:
>
> Sec. 652D. Publicity Given to Private Life
>
> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> > (a) would be highly offensive to a reasonable person, and
> >
> > (b) is not a legitimate concern to the public.

*Id.*

■ Thus, under Florida law, to prevail on an invasion of privacy claim on the allegation that her personal information was publicized, Plaintiff must show that the publication of such information would be highly offensive to a reasonable person and that the publicized matter was not of legitimate public concern.

There is no allegation in the Complaint that the information is of a kind that would be highly offensive to a reasonable person.

---

**3.** The legislative history of § 107(c) states: Privacy Protections. Under current law, nearly every item of information filed in a bankruptcy case is made available to the public. S. 256 restricts public access to certain personal information pertaining to an individual contained in a bankruptcy case file to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property. In addition, the bill prohibits the disclosure of the names of the debtor's minor children and requires such information to be kept in a nonpublic record, which can be made available for inspection only by the court and certain other designated entities. Further, S. 256 prohibits the sale of customers' personally identifiable information by a business debtor unless certain conditions are satisfied. H.R. Rep. 109–31(1), Pub.L. 109–8 (Apr. 8, 2005), U.S. Code Cong. & Admin.News 2005, p. 88.

■ Further, "[i]n Florida, except in cases of physical invasion, the tort of invasion of privacy must be accompanied by publication to the public in general or to a large number of persons." *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir.1989); *Santiesteban v. Goodyear Tire & Rubber Co.*, 306 F.2d 9 (5th Cir.1962); *Lewis v. Snap-on Tools Corp.*, 708 F.Supp. 1260 (M.D.Fla.1989). The Plaintiff has not alleged any facts that would support a finding that, prior to the information being redacted, her information was publicized to the general public. As the court in *Southhall* stated when considering this issue, "Debtor has not asserted or alleged that anyone sought out and viewed the Debtor's personal information nor has she asserted that she suffered damages as a result of the filing of the Claim. The Court therefore finds that the information was not in fact 'publicized' and did not constitute an invasion of privacy." *Southhall*, 2008 WL 5330001, at *3; *see also French*, 401 B.R. at 318–19 (stating that "Plaintiff has not made any allegations that her case file was ever viewed in the clerk's office or that her information was, in fact, ever seen by any member of the public at large.").

Accordingly, Count Five should be dismissed.

### E. Motion to Strike Attorney Fees

■ In this proceeding, Plaintiff seeks attorneys' fees pursuant to 11 U.S.C. §§ 105 and 107 of the Bankruptcy Code. The Defendant has moved to strike the Plaintiff's demand for attorneys' fees because there is no basis alleged in the Complaint for such an award.

■ Pursuant to Rule 7012(b), Fed. R. Bankr.P., Rule 12(f) of the Federal Rules of Civil Procedure is applicable in bankruptcy proceedings. That rule provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d, 880, 885 (9th Cir.1983). Federal courts typically disfavor motions to strike unless it is clear that the matter to be stricken could have no conceivable relevance on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D.Nev.2003)(internal citations omitted).

■ Under the "American Rule," attorneys' fees are typically recoverable only when permitted by statute or contract. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), superseded by statute on other grounds; *see also Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir.1985). The Supreme Court recognizes a few exceptions to this rule, including cases that involve bad faith, willful disobedience of a court order, or a common fund. *Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters and Joiners of Am.*, 456 U.S. 717, 721, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982).

■ In the present proceeding, the Court notes that sections 105 and 107 do not provide a basis for an award of attorneys' fees. Further, with respect to the remaining count, Count I, the Plaintiff alleges no statutory, contractual, or factual basis that would allow the Court to award attorneys' fees.

### Conclusion

For the reasons described above, the Court finds it appropriate to grant Defen-

dant's Motion to Dismiss as to Counts Three through Five, because the Plaintiff has failed to state claims upon which relief can be granted. Additionally, the Plaintiff is not entitled to an award of attorneys' fees.

Accordingly, it is

**ORDERED:**

1. Defendant's Motion to Dismiss Counts Two through Five is granted.

2. Defendant's Motion to Strike Attorneys' Fees and Costs is granted.