Barbara D. WILSON, et al.,
Plaintiffs-Appellees,

v.

AMERICAN MOTORS CORP., et al.,
Defendants-Appellees,

Jean Decker, Appellant.

No. 84–8665.

United States Court of Appeals,
Eleventh Circuit.

May 13, 1985.

Ron Bain, Los Angeles, Cal., for Jean Decker.

John G. Parker, Atlanta, Ga., for American Motors.

Before FAY and ANDERSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

This appeal raises important issues regarding the public's right of access to civil trials. Appellant Decker appeals the district court's order, denying a request to unseal the judicial records in the case of *Wilson v. American Motors Corp.* (Civil Action File No. C81–1606A) (hereinafter the "*Wilson* case"). Because we conclude that the district court abused its discretion in ordering total closure of the public records, we REVERSE and REMAND.

The *Wilson* case was tried to the district court and a jury from January 31, 1983, through February 11, 1983. The trial involved a wrongful death claim arising from an accident which occurred in 1979 in Forsyth County, Georgia. The accident involved a 1976 jeep model CJ–5 manufactured by appellee American Motors, the defendant.

The *Wilson* case was settled, following the jury's response to special interrogatories. It is undisputed that the settlement was reached with the "encouragement and assistance" of the trial judge.[1] (ROA at 80). In negotiating the settlement, American Motors requested that the record be sealed. This motion was unopposed by the plaintiffs, and the record was sealed. We are willing to assume, for purposes of this appeal, that had the district court been unwilling to order the records sealed, the settlement might not have been reached.

Appellant Decker is the plaintiff in the case of *Decker v. American Motors Corp.*, No. 474278, Superior Court of San Diego County, State of California (hereinafter the "California suit"). The California suit is also a wrongful death claim, involving a 1977 jeep manufactured by American Motors. Decker has candidly acknowledged that she seeks the records in order to attempt to invoke offensive collateral estoppel against American Motors in the California action. (Appellant's Opening Brief at 19).

From all we can determine from the material presented to us, the *Wilson* trial was handled in routine fashion. The courtroom was open to the public and all proceedings were reported by an official court reporter. Decker, or her counsel, could have been present in the courtroom and listened to all the evidence presented. We assume the court reporter's notes have been duly filed with the clerk pursuant to 28 U.S.C. § 753(b).

Two aspects of the *Wilson* trial are before us. The first deals with the record of the proceedings: included would be the pleadings, docket entries, orders, affidavits or depositions duly filed, and transcripts or court reporter's notes of hearings or trial proceedings. The second category of material would include trial exhibits offered by the parties. In weighing the competing interests of preserving the district court's authority in encouraging settlement agreements and the public's right to access to public trials, we recognize a difference between these two categories of trial materials.

In arguing for reversal, appellant suggests two grounds: a constitutional right of access grounded in the first amendment and a common law right of access to public records. The Supreme Court has not yet held that there is a constitutional right to attend *civil trials*. In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), the Court held that implicit in the First Amendment is the constitutional right to attend *criminal trials*. The Third and Sixth Circuits

---

* Honorable Floyd R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. In his order denying appellant's request to unseal the records, the trial judge stated that "the order sealing the *Wilson* record was entered as an integral part of the negotiated settlement between the parties and was a part of the court's participation in that settlement." (ROA at 81).

have gone one step further and have held that this constitutional right of access is equally applicable to civil trials. *Publicker Industries v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1178–79 (6th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984). In *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 428 (5th Cir.1981), which is binding precedent on this court [2], the court held that "the Constitution grants neither press nor public the right to physical access to *courtroom exhibits.*" (emphasis added). In *Newman v. Graddick,* 696 F.2d 796 (11th Cir.1983), our court discussed at some length various aspects of these rights pertaining to the openness of civil trials. While the specific holding of *Newman* is extremely narrow, this discussion is most helpful. It would appear that the question of whether or not there is a constitutional right of access to civil trials has not been answered by our court.

As an alternative ground for ordering the unsealing of the records in the *Wilson* case, appellant asserts that the district court abused its discretion, *see Newman v. Graddick,* 696 F.2d at 803, in denying appellant's common law right of access to the records. There is no question that a common law right of access exists as to civil proceedings. "What transpires in the courtroom is public property." *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947). This leads us to a review of the order at hand.

The district court sealed the entire proceedings. From a review of the records, we are unable to determine the status or whereabouts of the exhibits introduced. We are unable to determine if transcripts of any part or all of the trial proceedings exist. We do note from the docket entries that pretrial conferences were held, that the trial itself took place, that many depositions were read to the jury and various exhibits introduced.

■ The standard of review applicable is abuse of discretion. Recognizing a common law right of access does not alone resolve the issue. The starting point in such a discussion is the proposition that, absent some exceptional circumstances, trials are public proceedings. Access to the records of such proceedings has been treated in different ways. In *Belo,* the former Fifth Circuit rejected "the overpowering presumption in favor of access" adopted by several other circuits. 654 F.2d at 434. These other courts had held that "only the most compelling circumstances", *id.,* could overcome the presumption. *See In re Application of National Broadcasting Co. (United States v. Jenrette),* 653 F.2d 609, 613 (D.C.Cir.1981); *In re Application of National Broadcasting Co. (United States v. Myers),* 635 F.2d 945, 952 (2d Cir.1980). The *Belo* court "read the [Supreme] Court's pronouncements as recognizing that a number of factors may militate against public access." 654 F.2d at 434.

■ Recent decisions from other circuits which have discussed this presumption in favor of openness, *see, e.g., Publicker Industries,* 733 F.2d at 1066–67; *Matter of Continental Illinois Securities Litigation,* 732 F.2d 1302, 1308–10 (7th Cir.1984); *Brown,* 710 F.2d at 1177–80, have based that presumption on the importance of preserving "the public's right to monitor the functioning of our courts." *Continental,* 732 F.2d at 1308. *See also Richmond Newspapers,* 448 U.S. at 594–97, 100 S.Ct. at 2836–38 (Brennan, J., concurring). Thus, it is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist.

■ The Sixth Circuit has suggested that the defendant's right to a fair trial, certain privacy rights of participants or third parties, trade secrets and national security, are virtually the only reasons which would justify total closure of public records. *Brown,* 710 F.2d at 1179. Without deciding whether or not to accept the position of the Sixth Circuit as written, we do agree that "[s]imply showing that the

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access." *Id.*

■ We shall apply the standard set out in *Newman:*

> We do not hold that every hearing, deposition, conference or even trial in a case of this kind must be open to the public. We do hold that "where, as in the present case, the [court] attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596 at 606–607, 102 S.Ct. 2613 at 2620, 73 L.Ed.2d 248 at 257.

696 F.2d at 802.

Applying this yardstick, we find nothing in the record to support the sealing of this record. The defendant's desire to prevent the use of this trial record in other proceedings is simply not an adequate justification for its sealing.[3]

We do not think that the conclusion in favor of a presumption of openness to civil proceedings is contrary to the holding of *Belo.* First, *Belo* did not deal with the disclosure of trial proceedings. The reporters in *Belo* were seeking copies of FBI tapes introduced at trial; they had the trial record. Second, *Belo* rejected only a conclusive or overriding presumption in favor of access to trial exhibits. Our holding today embraces a somewhat lesser standard and deals with the trial record itself. And third, the *Belo* court focused on the need to protect the rights of a co-defendant in an impending criminal trial. The right to a fair trial has, of course, always been recognized as an important, if not paramount, concern in balancing the right of

access. There was no such concern implicated in the instant case. This was a civil case, in which *all* access to the trial records was denied to the public.

■ Much of American Motors' argument is devoted to the contention that even if Decker were to obtain access to the *Wilson* records, she would be unsuccessful in using them to assert collateral estoppel in the California suit. Such an argument is misdirected. Although we must examine the reason why closure or nonclosure is sought, the real focus of our inquiry is on the rights of the public in maintaining open records and the "check[ ] on the integrity of the system", *Brown,* 710 F.2d at 1179, insured by that public access. *See Richmond Newspapers,* 448 U.S. at 592, 100 S.Ct. at 2835 (Brennan, J., concurring). Therefore, we conclude that these litigants do not have the right to agree to seal what were public records. The district court must keep in mind the rights of a third party—the public, "if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system." *Newman,* 696 F.2d at 803.

It is important to note the somewhat unusual circumstances involved in the instant case. This case actually went to trial, and, at least prior to the settlement agreement, the transcript of that trial was part of the public record. The trial was an open public proceeding. Moreover, and most significantly, the trial got as far as at least partial consideration by the jury. Under these circumstances, the interest in preserving the authority of the court in assisting in settlement agreements does not override the presumption of openness in civil proceedings. The parties presented no legally sufficient reason for the closure of the record.[4] Consequently, the sealing of this record was an abuse of discretion.

---

**3.** Quite the contrary would appear to be true. If formal proceedings occur in one court and are relevant to issues being presented in another court, judicial economy would mandate their availability.

**4.** There is no question that courts should encourage settlements. However, the payment of money to an injured party is simply not "a

compelling governmental interest" legally recognizable or even entitled to consideration in deciding whether or not to seal a record. We feel certain that many parties to lawsuits would be willing to bargain (with the adverse party and the court) for the sealing of records after listening to or observing damaging testimony and evidence. Such suppression of public records

The question of trial exhibits is a different one and has been treated as such. *Belo*, 654 F.2d 423. The issues in the *Wilson* case have been resolved. Should the parties seek to have these exhibits returned to them, such a request should be presented to the trial court. There is no requirement that they remain in the custody of the court.

This matter is remanded to the district court for handling consistent with this opinion.

Accordingly, the district court's order is REVERSED and the case REMANDED.

cannot be authorized. The situation here is further aggravated by the attempted suppression of a jury verdict because it might adversely affect American Motors in other judicial proceedings. Such action is contrary to the most basic principles of American jurisprudence.