**In re ANALYTICAL SYSTEMS, INC., Debtor.**

**Bankruptcy No. A86–00688.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 22, 1987.

Franklin R. Nix, Alston & Bird, Atlanta, Ga., for debtor.

John J. Almond, Rogers & Hardin, Atlanta, Ga., for Virginia Dunning creditor.

Frank Wilensky, Macey & Wilensky, Atlanta, Ga., for ITT creditor.

## ORDER VACATING PROTECTIVE ORDERS

STACEY W. COTTON, Bankruptcy Judge.

Before the court is the motion of Mrs. Virginia A. Dunning to unseal the record and to revoke and withdraw the consent protective order dated August 13, 1987, as amended. The matter came on for hearing and after argument of counsel and upon consideration of the record herein, the court hereby vacates the Consent Protective Order of August 13, 1987, and the Amendments thereto, for the reasons set forth herein.

The debtor-in-possession, Analytical Systems, Inc. ("ASI"), and a creditor, ITT Commercial Finance Corp. ("ITT"), filed a joint motion for a Protective Order seeking to have their settlement agreement and accompanying exhibits entered into between them and ASI's president, James E. Dunning, (collectively referred to as the "Agreement") placed under seal. They alleged the Agreement was confidential and contained details of highly-sensitive arrangements between the parties for resolution of the civil action, entitled *Analytical Systems, Inc. v. ITT Commercial Finance Corp.*, Civil Action No. C86-0044A, which was pending in the United States District Court for the Northern District of Georgia. The protective order was sought to preserve the confidentiality of this Agreement.

The parties alleged and represented that their joint willingness to maintain the confidentiality of the Agreement under seal was a material and critical inducement to the settlement of the litigation; that disclosure of the Agreement may expose ITT to annoyance, embarrassment, oppression and undue burden and expense; that further required cooperation between these parties would be made more difficult by disclosure of the Agreement to third parties; and that entry of the requested protective order would promote an orderly and prompt final termination of this litigation. After an in chambers hearing, without notice to creditors or parties in interest except the parties to the Agreement, the court granted the requested protective order.

At the further request of the parties, this court shortened the time for notice and hearing on the proposed Agreement. A notice for hearing on the proposed Agreement was duly given to all creditors and interested parties which disclosed the court's entry of the protective order and very general information regarding the proposed Agreement. Mrs. Virginia A. Dunning, a creditor, objected and filed a motion to vacate the Protective Order and unseal the court record. The court, after hearing, approved the Agreement but reserved for later determination the issues relating to the protective order. On November 3, 1987, the court held a hearing on the motion to vacate the protective order.

### CONCLUSIONS OF LAW

Section 107(a) [11 U.S.C. Section 107(a)] provides that documents filed in the bankruptcy courts are public records and should be open for examination. This section evidences a clear Congressional intent and purpose to establish a public right of access to court records. The only exceptions to this general rule are stated in Section 107(b) which provides as follows:

On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

Bankruptcy Rule 9018 provides the means for the court's implementation of the Section 107(b) exceptions.

The court has found only a few cases applying Section 107. The basic thrust of those cases is to safeguard the policy of

the public's right of access to court records. For example, in *Ad Hoc Protective Committee for 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942 (Bankr.App. 9th Cir.1982), the court stated that Section 107(a) mandated public access to papers filed in bankruptcy cases and thereby held that impounding a creditors' list was improper. *In re Itel*, 17 B.R. at 944. Furthermore, in *Hope on Behalf of Clark v. Pearson*, 38 B.R. 423 (Bankr.M.D.Ga.1984), Judge Hershner refused to seal court records pursuant to Section 107 and emphasized that sealing should be the exception rather than the rule. *Pearson*, 38 B.R. at 425. *See also In re Commodore Corp.*, 70 B.R. 543, 545–46 (Bankr.N.D.Ind.1987) (refusing to issue a protective order to strike what was alleged to be scandalous and defamatory material); *In re Sherman–Noyes & Prairie Apartments Real Estate Investment Partnership*, 59 B.R. 905, 909 (Bankr.N.D.Ill.1986) (denying a motion to issue a protective order to strike scandalous assertions).

In *In re Nunn*, 49 B.R. 963 (Bankr.E.D. Va.1985), the court issued a protective order limiting access to debtor's schedule listing its customers and their addresses; however, the court emphasized that to justify such a restriction there must be no less drastic alternative available. *In re Nunn*, 49 B.R. at 964–65. That same court in *In re Epic Associates V*, 54 B.R. 445 (Bankr. E.D.Va.1985), again issued a protective order, for a very limited period, sealing part of the court record based on the fear, backed by expert testimony, that revealing the names of financial institutions which held mortgages or mortgage-backed certificates of the debtor would probably lead to customer runs. The court indicated it would again consider the propriety of continuing the order at the end of that period. *In re Epic Associates V*, 54 B.R. at 447–50.

■ In *In re Bell & Beckwith*, 44 B.R. 661 (Bankr.N.D.Ohio 1984), the court refused to seal certain court records and emphasized the importance of open inspection of court records by stating:

Public scrutiny is the means by which the persons for whom the system is to benefit are able to insure its integrity and protect their rights. This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.

*In re Bell & Beckwith*, 44 B.R. at 664. The limited case law on Section 107 thus makes clear that bankruptcy court records are to be open and available to the public and are to be closed only in very limited and exceptional circumstances.

■ In addition, the federal courts have long recognized the strong common law presumption in favor of public access to court proceedings and records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1311–12, 55 L.Ed.2d 570 (1978); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir.1985); *Newnan v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983). This recognition is based on the importance attached to the public's right to monitor the proceedings of the courts and thus to insure integrity, quality, and respect in our judicial system. *In re Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308 (7th Cir.1984). Based on Section 107 and the strong precedent of federal case law, this court concludes that sealing judicial records is appropriate only in very limited situations.

■ The court must also consider whether any of the Section 107(b) exceptions to the public's right of access to court records apply in the case at bar. At the hearing the parties offered no further evidence to support the protective order placing the filed copy of the Agreement under seal. After careful review of the Agreement and attached exhibits and upon consideration of the further presentation of counsel at the various hearings and the record herein, the court finds that the Agreement does not contain trade secrets or confidential research, development, or commercial information nor scandalous or defamatory matters within the meaning of 11 U.S.C. Section 107 and Bankruptcy Rule 9018.

Construing the record most favorable to ASI and ITT, this record at most would only support a finding of possible embarrassment to ITT. The federal courts have uniformly held that this is not a sufficient basis to justify sealing court records in the face of the express and important policy of public access to court records. *Wilson*, 759 F.2d at 1570–71; *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir.1983); *Joy v. North*, 692 F.2d 880, 894 (2d Cir.1982). As the court held in *Brown & Williamson:*

> Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records ... Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know. In such cases, a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records.

*Brown & Williamson,* 710 F.2d at 1179–80.

Similarly, the Eleventh Circuit in *Wilson* held that a lower court's sealing of the record of a settlement agreement was an abuse of discretion even though the litigants had agreed to it. The court further held that, although settlement agreements should be encouraged, preservation of the court's interest in promoting settlement agreements did not outweigh the presumption of openness of court proceedings. *Wilson,* 759 F.2d at 1571. Such is the case before this court.

Since none of the exceptions apply, the general rule codified in Section 107(a) and federal case law mandates the public's right of access to bankruptcy court records. The subject Agreement does not contain such confidential matters as would warrant the continuance of the protective order and placing the Agreement under seal. Accordingly, it is

ORDERED that the August 13, 1987 protective order, and all amendments thereto, placing under seal the copy of the Agreement filed by the parties in this case, is VACATED and the Agreement between the debtor-in-possession, Analytical Systems, Inc., ITT Commercial Finance Corp., and ASI's president, James E. Dunning, is ordered to be made a part of the public record and available for public access and examination, and it is

FURTHER ORDERED that the effectiveness of this order shall be stayed for twenty days following entry thereof to afford the parties an opportunity, if they so desire, to apply to the District Court for a further stay or other relief. In the event that no further stay or other relief has been granted within twenty days from the date of the entry of this order, then this order shall become effective on and as of the twenty-first day after entry, and the Clerk shall be and is authorized and directed to unseal the Agreement and file it in the public portion of the bankruptcy court records of this case.

IT IS SO ORDERED.