**Willie Clovis JONES, Jr., Plaintiff,**

v.

**The GOODYEAR TIRE & RUBBER COMPANY, Defendant–Appellee,**

**Franklin S. Horne, Jr., Movant–appellant.**

**No. 91–8932**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 30, 1992.

Gerald M. Edenfield, Edenfield Stone & Cox, Statesboro, Ga., James S. Owens, Jr., and Kelly D. Eulenfeld, Nall Miller Owens Hocutt & Howard, Atlanta, Ga., for movant-appellant.

Thomas W. Talbot, Talbot Ladson Rowe & Edwards, Macon, Ga., for defendant-appellee.

Before EDMONDSON and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

This appeal concerns a third-party motion by Franklin S. Horne, Jr., an attorney, to modify a confidentiality order sealing the terms of settlement entered in the federal district court in Jones v. Goodyear Tire & Rubber Co. The settlement terms included an award of attorney's fees to W. Carl Reynolds, who was Jones' attorney and who Horne contends is his former law partner. Horne subsequently sued Reynolds in Georgia state court seeking a portion of Reynolds' attorney fee awarded in the federal case. While Horne's state court suit was pending, he moved for a modification of the confidentiality order in Jones v. Goodyear seeking to discover the amount of the attorney fee awarded to Reynolds. The district court held Horne's motion premature, reasoning that the motion should not be considered until the trial court in the state case determines that Horne is entitled to a portion of Reynolds' fee awarded in the federal case.

We lack subject matter jurisdiction to hear this appeal from the district court's order denying Horne's motion to modify the confidentiality order for three reasons. First, the district court's order, holding Horne's motion premature pending the outcome of the state case, is not a final order for purposes of appellate jurisdiction

under 28 U.S.C. § 1291. Second, the court's order is not of the sort contemplated by the collateral order doctrine, a judicially created exception to the final judgment rule of § 1291. The collateral order doctrine applies only when the order under review satisfies three criteria: (1) it "conclusively determine[s] the disputed question;" (2) it "resolve[s] an important issue completely separate from the merits of the action;" and (3) it is "effectively unreviewable on appeal from a final judgment." *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). *See also Cohen v. Beneficial Life Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949) ("So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal"). Clearly, the district court's order did not "conclusively determine the disputed question." Rather, it held consideration of the disputed question premature pending outcome of related litigation. Finally, the court's order is not subject to a discretionary interlocutory appeal under 28 U.S.C. § 1292(b) and Fed. R.App.P. 5(a) because Horne's notice of appeal was filed on October 10, 1991—more than ten days after the entry of order on September 18, 1991.

Because we lack appellate jurisdiction to review the denial of Horne's motion to modify the confidentiality order, we do not reach the question of whether the district court abused its discretion in refusing to modify the order. *See Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir.1985) (standard of review for denial of motion to modify confidentiality order is one of abuse of discretion).

The appeal is DISMISSED.