**UNITED STATES of America, Plaintiff,**

v.

**APPROXIMATELY UP TO $15,253,826 IN FUNDS CONTAINED IN THIRTEEN BANK ACCOUNTS et al., Defendant.**

**Case No. 2:11CV806 DAK.**

United States District Court, D. Utah, Central Division.

Feb. 17, 2012.

Cy H. Castle, U.S. Attorney's Office, Salt Lake City, UT, Jean Weld, U.S. Department of Justice, Washington, DC, for Plaintiff.

## ORDER

DALE A. KIMBALL, District Judge.

This matter is before the court on the United States' Motion to Unseal Case.[1] The United States contends that the original purposes for which it sought to have the case sealed have now been accomplished and the need for secrecy no longer exists for the United States. The United States seeks unsealing of the case so that it can provide direct notice of the Second Amended Verified Complaint *In Rem* to other known potential claimants and publish notice of this forfeiture action.

1. The court initially granted this motion five days after it was filed, *see* Docket No. 56, but then vacated the Order to provide additional time to AISC to designate the documents it believed should remain under seal. *See* Docket No. 59.

2. The United States has moved to strike the memorandum in opposition filed by Hernan-

AISC has opposed, in part, the motion, and intervenors Hernando County Holdings and David Young have opposed the unsealing of the case.[2] The court declines, however to maintain this case under seal. As explained below, twelve documents shall remain under seal, but the rest of the case will be unsealed.

Federal courts have long recognized a common-law right of public access to judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is clear that the courts of this country recognize a general right to inspect ... judicial records and documents."); *Lanphere & Urbaniak v. State of Colo.*, 21 F.3d 1508, 1511 (10th Cir.1994) ("Courts have historically recognized a common law right, though not an absolute right, of access to government records, including judicial records."). The reasoning underlying the presumption is that the public has an interest "in understanding disputes that are presented to a public forum for resolution[ ]" and "in assuring that the courts are fairly run and judges are honest." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). The presumed common law right of public access to court documents yields to privacy interests only in exceptional circumstances. *See, e.g., United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir.1997). A party seeking to overcome the presumption bears the burden of showing that his or her interests are significant enough to "heavily" outweigh the presumption of openness. *Mann v. Boat-*

do County Holdings and David Young, arguing that they do not have standing to appear at this stage of the proceeding because they have not filed verified claims pursuant to Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The court declines to strike the opposition memorandum.

*right*, 477 F.3d 1140, 1149 (10th Cir.2007); *see Crystal Grower's Corp.*, 616 F.2d at 461; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988).

The Tenth Circuit has held that although a decision to seal documents is within the sound discretion of the district court, when exercising that discretion courts should "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Crystal Grower's Corp.*, 616 F.2d at 461. In cases, such as this, involving allegations of misspent government funds and other significant aspects of governmental conduct, courts have also long recognized that the rationale for public access is even greater. *See, e.g., Smith v. United States Dist. Court for Southern Dist.*, 956 F.2d 647, 650 (7th Cir.1992) (appropriateness of making court files accessible is accentuated in cases where the government is a party); *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir.1986) (a district court must set forth "substantial reasons" for denying requests for access to court materials, and "when the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records") (citation omitted).

■ AISC asserts several bases for maintaining confidentiality of 13 items in the docket. First, it states that disclosure of its "confidential and proprietary financial and business information would severely disadvantage AISC in the marketplace, impair its relationships with existing and prospective clients or referral sources." Second, AISC also maintains that disclosure of the items will "cause undue annoyance, embarrassment, or other hardship," and constitute "explicit public confirmation that AISC's seized property—in whatever amount—remains seized." While the court agrees that AISC's confidential and proprietary financial and business information should remain under seal, the court declines to seal documents on the basis that they will cause undue annoyance, embarrassment, or other hardship. A concern for a business' "public image" is not enough "to rebut [the] presumption of access[.]" *Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 663 (3d Cir.1991); *see Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570–71 (11th Cir.1985) ("harm to company's reputation" not enough to warrant sealing record); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984) ("[s]imply showing that the [sealed] information would harm [a] company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.").

Accordingly, of the thirteen documents that AISC seeks to keep sealed, the court has concerns about five of the documents. First, the court declines to maintain the seal on the court's October 13, 2011 Memorandum Decision and Order. Next, the United States has offered to submit redacted versions of its legal memoranda filed on September 30, 2011 and October 5, 2011,[3] and the court agrees with this approach.[4] Finally, the court directs AISC to file a brief by no later than March 8,

**3.** The United States attached redacted versions of these memoranda as exhibits to its Reply Memorandum, but the court requests, for administrative purposes, that the United States electronically file the redacted versions, noting in the caption and in the docket entry that they are REDACTED VERSIONS of Docket Nos. 31 and 36, respectively.

**4.** The court does not condone the wholesale designation of pleadings as "subject to a protective order." Instead, parties should use the least restrictive means available for the

2012, explaining why the following two documents are entitled to remain under seal:

(1) Motion for Leave to Enter Limited Appearance for Purpose of Opposing Plaintiff's Warrant and Summons for Arrest of Articles In Rem. [Docket No. 22, filed on September 13, 2011]; and

(2) Motion to File Overlength Memorandum in Support of American International Security Corp.'s Petition for Release of Seized Property [Docket no. 19, filed on September 30, 2011].

The court will maintain the seal on these two documents until March 9, 2012. After that time, the court will consider any brief filed by AISC and will then make a final determination.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The United States' Motion to Unseal Case [Docket No. 55] is GRANTED in part and DENIED in part. The Clerk of Court is directed to UNSEAL the case, but the documents listed in the attached table shall remain under seal;

(2) The United States file *redacted* versions of the originally filed United States' Memorandum of Law in Opposition to AISC's Petition for Release of Seized Property, filed September 30, 2011, and United States' Reply Memorandum in Opposition to AISC's Petition for Release of Seized Property, filed October 5, 2011;

(3) AISC is directed above to file a brief by no later than March 8, 2012, as to why the seal on two specific documents listed above should be maintained;

(4) The United States' Motion to Strike the Opposition Memorandum filed by David Young and Hernando County Holdings, LLC [Docket No. 75] is DENIED;

(5) Effective from the date of this Order, the United States can provide direct notice of the Second Amended Verified Complaint *In Rem* to other known potential claimants and publish notice of this forfeiture action.

## DOCUMENTS TO REMAIN UNDER SEAL—2:11CV806

| Docket No. | Date Filed | Title of Document |
|---|---|---|
| 23 | 09/13/11 | Emergency Motion of Owner of Seized Bank Account for Partial Unsealing or In Camera Inspection of Docket, Pleadings and Orders and for Notice and Opportunity to be Heard |
| 24 | 09/13/11 | Memorandum in Support of Emergency Motion of Owner of Seized Bank Account for Partial Unsealing or In Camera Inspection of Docket, Pleadings and Orders and for Notice and Opportunity to be Heard |
| 11 | 09/13/11 | Motion to Intervene |
| 22 | 09/13/11 | Motion for Leave to Enter Limited Appearance for Purpose of Opposing Plaintiff's Warrant and Summons for Arrest in Articles In Rem |
| 25 | 09/13/11 | Motion for Expedited Hearing |
| 30 | 09/16/11 | American International Security Corp.'s Memorandum of Points in Support of Petition for Release of Seized Property |

protection of proprietary information, which usually involves redaction.

In future filings, if the information sought to be protected is material to the dispute at hand, the parties should file two versions of the pleading: a sealed version and a redacted public version. If the proprietary information is immaterial to the dispute, only a redacted public version need be filed.

| 29 | 09/21/11 | American International Security Corp.'s Petition for Release of Seized Property |
| 32 | 09/30/11 | American International Security Corp.'s Memorandum in Support of Petition for Release of Seized Property, together with all exhibits thereto |
| 19 | 09/30/11 | Motion to File Overlength Memorandum in Support of American International Security Corp.'s Petition for Release of Seized Property |
| 31 | 09/30/11 | United States' Memorandum of Law in Opposition to AISC's Petition for Release of Seized Property. This document will be filed publicly in redacted form |
| 36 | 10/05/11 | United States' Reply Memorandum in Opposition to AISC's Petition for Release of Seized Property. This document will be filed publicly in redacted form |
| 39 | 10/06/11 | American International Security Corp.'s Reply to United States' Memorandum of Law in Opposition to Petition for Release of Seized Property |